Quarles & Brady LLP
One Renaissance Square
Two North Central Avenue, #600
Phoenix, AZ 85004-2322
TELEPHONE 602-229-5200

Lauren Elliott Stine (#025083)
Lauren.Stine@quarles.com
Haley R. Augur (#036310)
Haley.Augur@quarles.com

Shartsis Friese LLP
425 Market Street, 11th Floor
San Francisco, CA 94105
TELEPHONE: 415-421-6500

Erick C. Howard (*pro hac forthcoming*)
Cristina N. Rubke (*pro hac forthcoming*)
Attorneys for Plaintiff Service West, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Service West, Inc., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>Service West, Inc., a Colorado corporation,<br><br>Defendant. | NO.<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT**<br><br>(Demand for Jury Trial) |

1. Plaintiff Service West, Inc. ("Service West" or "Plaintiff") hereby complains against Defendant Service West, Inc. ("SWI" or "Defendant") as follows:

**NATURE OF ACTION**

2. This action is a classic trademark infringement case. Service West adopted and has used the SERVICE WEST mark in connection with a variety of services since at least 1983. SWI chose to adopt an identical mark in connection with highly similar services. SWI's continued unauthorized use of the SERVICE WEST mark is likely to cause consumer confusion and damage Service West's brand.

## THE PARTIES

3. Service West is a California corporation with its principal place of business in San Leandro, California. As discussed more fully below, Service West is engaged in the business of commercial furniture installation, warehousing, and logistics.

4. On information and belief, defendant SWI is a Colorado corporation with its principal place of business in Eagle, Colorado, and with a location in Phoenix, Arizona.

## JURISDICTION

5. This is an action for trademark infringement under the Federal Lanham Act and unfair competition under Arizona law. The Court has original subject matter jurisdiction over the Cause of Action for trademark infringement under the Lanham Act pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's related state law claims pursuant to 28 U.S.C. § 1338(b) and § 1367(a).

6. The Court has personal jurisdiction over SWI because, among other things, SWI has established minimum contacts within the forum such that the exercise of jurisdiction over SWI will not offend traditional notions of fair play and substantial justice. SWI actively transacts business in this judicial district by offering its services in this district. SWI advertises, markets, offers for sale, and sells its services in this judicial district.

## VENUE

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) and (2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## GENERAL ALLEGATIONS

8. Service West is the largest independent contract furniture installation company in the United States as well as a major commercial mover. Since the early 1980s, Service West has used the SERVICE WEST mark to offer an array of moving, furniture installation, storage, repair, and logistics services. Headquartered in San Leandro, California, Service West is a progressively managed and technologically advanced

company with a history of meeting the requirements of prevailing-wage projects in the public and private sectors.

9. Service West has used its SERVICE WEST mark to offer services in California since 1981 and began offering services under the mark to customers outside of California in 1983. Service West serves customers nationally, including in Illinois, Colorado, Arizona, Wisconsin, and Indiana, and internationally, including in Canada, Australia, and Europe.

10. Through its extensive and continuous use of the SERVICE WEST mark, Service West has invested heavily in its brand and has gained substantial good will and customer recognition. Service West owns U.S. Application Serial Number 98/242,576 for the SERVICE WEST mark and has previously owned federal registrations for the SERVICE WEST mark.

11. Service West markets its services using the SERVICE WEST mark through its website at servicewest.com, social media accounts, trade shows, and through its longstanding business relationships. In particular, Service West attends NeoCon in Chicago annually and the IIDA Northern California conference. Service West maintains a social media presence, including on LinkedIn, where it also runs paid advertising.

12. Service West specializes in commercial furniture installation, warehousing, and logistics and serves clients in a variety of industries, including corporate offices, government agencies, healthcare providers, and educational institutes. Service West has more than 400,000 square feet of warehouse space and a fleet of more than 100 box trucks, cargo vans, single-axle tractors and trailers. Customers of Service West include furniture dealers, manufacturers, general contractors, property managers, property management firms, facility managers, facility management groups, project managers, account executives, construction managers, and project executives.

13. On information and belief, SWI started using the SERVICE WEST mark in or around 2019, thirty-eight years after Plaintiff adopted its mark and long after Plaintiff

established an online presence using the SERVICE WEST mark. SWI's mark is identical to Plaintiff's mark.

14. SWI offers a variety of contractor services, including carpentry, drywall, and painting. SWI registered and uses servicewestinc.com as its primary website. On information and belief, SWI registered the servicewestinc.com domain because servicewest.com was already used by Plaintiff. Thus, on information and belief, SWI registered the servicewestinc.com domain with knowledge of Plaintiff's use of the servicewest.com domain and SERVICE WEST mark.

15. According to its website, SWI serves clients in many of the same industries as Service West, "including Hospitality, Residential, Healthcare, Education, Tenant Improvement, and Government." On Facebook, SWI identifies itself as a "construction company." Both Service West and Defendant offer services that involve building out corporate campuses, government offices, and other commercial facilities.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

**Common Law Trademark Infringement (15 U.S.C. § 1125(a))**

16. Service West repeats and realleges, as if fully set forth, the allegations contained in paragraphs 1 through 15.

17. Service West has continuously used SERVICE WEST as a trademark in interstate commerce since at least 1983.

18. Starting in or around 2019, Defendant adopted a mark that is identical to Plaintiff's mark on competing services and marketing materials, including Defendant's website.

19. Defendant's use of the SERVICE WEST mark on competing services in interstate commerce is likely to cause confusion, to cause mistake, or to deceive the public as to the affiliation, connection, or association of Defendant with Service West, or as to the source, origin, sponsorship, or approval of Defendant's services by Service West. Service West is not, in fact, affiliated, connected, or affiliated with Defendant.

- 4 -

1   20.   Defendant has, therefore, infringed Service West's trademarks within the meaning of 15 U.S.C. § 1125(a).

## SECOND CAUSE OF ACTION

### Unfair Competition Under Arizona State Law

21.   Service West repeats and realleges, as if fully set forth, the allegations contained in paragraphs 1 through 21.

22.   Defendant's actions as alleged herein constitute unfair competition with Service West. Specifically, as alleged herein, Defendant has copied Service West's SERVICE WEST mark and used it on its promotional materials, social media, and competing services. These actions will mislead, deceive, and confuse consumers in the marketplace and cause a false association with Service West.

23.   Defendant's conduct was designed to deprive Service West of the substantial property rights and economic opportunity that it rightfully possesses or possessed in its trademark.

24.   Service West has been and will continue to be greatly harmed by Defendant's acts of unfair competition. Service West is informed and believes, and on that basis alleges, that Defendant will continue to engage in such actions to the irreparable harm of Service West unless these actions are enjoined by this Court.

## THIRD CAUSE OF ACTION

### Anti-Cybersquatting Consumer Protection Act ("ACPA"), (15 U.S.C. § 1125(d))

25.   Service West repeats and realleges, as if fully set forth, the allegations contained in paragraphs 1 through 25.

26.   On information and belief, SWI adopted servicewestinc.com as its domain in April of 2019, decades after Plaintiff started using its SERVICE WEST mark. On information and belief, SWI knew that Plaintiff owned and used the servicewest.com domain and the SERVICE WEST mark when it registered the servicewestinc.com domain.Servicewestinc.com is nearly identical to Plaintiff's SERVICE WEST mark and Plaintiff's servicewest.com domain. The only distinction is the addition of "inc," which is

commonly understood as a descriptive term to reference "incorporated." Consumers are likely to ignore or discount the descriptive portion of the domain and focus on the other portion of the domain. Therefore, the domain is confusingly similar to Service West's mark. SWI's adoption and use of a domain that is confusingly similar to Plaintiff's mark and domain is in bad faith.

## PRAYER FOR RELIEF

Service West requests the Court to enter a judgment in its favor against Defendant SWI as follows:

1. For a permanent injunction against SWI and the officers, agents, employees, or attorneys of SWI, and all others in active concert or participation with them, restraining them from the following actions:

    (a) Using the SERVICE WEST mark on its website, promotional videos, social media profiles, and marketing materials;

    (b) Using the servicewestinc.com domain to offer services similar to those offered by Plaintiff.

2. That SWI be adjudged to have infringed Service West's trademark within the meaning of 15 U.S.C. § 1125;

3. That SWI be adjudged to have engaged in unfair competition under Arizona state law; and

4. That SWI be adjudged to have violated the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d), by registering and using the servicewestinc.com domain;

5. That Service West be awarded actual damages sustained by Service West and/or Defendant's profits to be determined at trial;

6. That the servicewestinc.com domain be transferred to Service West;

7. That Service West be awarded its actual costs and reasonable attorneys' fees in this action, as authorized by 15 U.S.C. § 1117;

8. That Service West be granted such other and further relief as this Court may deem just and proper.

**DEMAND FOR JURY**

Service West demands a trial by jury for all issues so triable.

RESPECTFULLY SUBMITTED this 24th day of June, 2024.

> QUARLES & BRADY LLP
> One Renaissance Square
> Two North Central Avenue
> Suite 600
> Phoenix, AZ  85004-2322
>
> By: */s/ Haley R. Augur*
>    Lauren Elliott Stine
>    Haley R. Augur
>
> Attorneys for Plaintiff Service West, Inc.